IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTHONY LANELL FARSEE,

Plaintiff,

v.

SPECIAL NEEDS COMMITTEE and
THE CLASS III COMMITTEE,

Defendants.

OPINION and ORDER

26-cv-427-jdp

Plaintiff Anthony Lanell Farsee, proceeding without counsel, is a prisoner at Columbia Correctional Institution. Farsee alleges that prison staff rejected his request for a reconstructive knee surgery. He has made an initial partial payment of the filing fee as directed by the court.

The next step is for me to screen Farsee's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Farsee's current complaint doesn't state a claim for relief, but I will give him a chance to submit an amended complaint.

## ANALYSIS

Farsee alleges that in February 2026, the "Class III Committee" denied a request for anterior cruciate ligament reconstructive surgery for his right knee, stating that it was too soon after an earlier unsuccessful surgery. Farsee remains in pain.

I take Farsee to be contending that this denial violated his right to adequate medical care under the Eighth Amendment to the United States Constitution. The Eighth Amendment prohibits prison officials from consciously disregarding prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A defendant "consciously disregards" an inmate's need when the defendant knows of and disregards "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

Farsee's allegations that he has an injured knee and suffers pain suffices to allege a serious medical need. But he does not allege enough to show that defendants consciously disregarded his condition. He names the "Special Needs Committee" as a defendant but he doesn't explain how the members of that committee were involved in the denial of a second surgery. He states that the Class III Committee denied him the surgery, but the members of that committee appear to have made that decision using medical judgment: that it was too soon to schedule a second surgery for him.

Farsee's allegations aren't enough to state a claim for relief, so I will dismiss his complaint. But because he appears without counsel, I will not dismiss the entire case outright. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) ("when a plaintiff—especially [an unrepresented] plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). Instead, I will give him a chance to file an amended complaint better explaining his claims. In particular, he needs to explain how defendants have disregarded his medical condition, not just delayed a second surgery for medical reasons.

If Farsee fails to submit an amended complaint by the deadline set below, I will dismiss the entire case and direct the direct the clerk of court to record a "strike" under 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.
2. Plaintiff may have until October 22, 2026, to submit an amended complaint.

Entered September 30, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge