IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY LANELL FARSEE,

Plaintiff,

v.

OPINION and ORDER

26-cv-427-jdp

SPECIAL NEEDS COMMITTEE and
THE CLASS III COMMITTEE,

Defendants.

---

Plaintiff Anthony Lanell Farsee, proceeding without counsel, is a prisoner at Columbia Correctional Institution. Farsee alleges that prison staff rejected his request for a reconstructive knee surgery. I dismissed his complaint because his allegations didn't state a claim for relief under the Eighth Amendment to the United States Constitution: all Farsee alleged was that the "Class III Committee" denied him surgery because it was too soon after another surgery he had had. Dkt. 8. I gave Farsee a chance to file an amended complaint. *Id.*

Farsee has now filed an amended complaint, Dkt. 9, but his current allegations fare no better. He again states that the Class III Committee rejected his request for surgery as coming too soon after another surgery, which suggests only that the committee exercised medical judgment in delaying a second surgery. He now adds allegations regarding him being given various pain medications instead. But he doesn't explain who prescribed those (the committee or a physician directly treating him) and in any event his allegations show that prison officials attempted to treat his pain with several different types of pain medications, which does not show the conscious disregard necessary to maintain an Eighth Amendment claim.

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of*

*Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted if it's clear that further amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). I gave Farsee a chance to amend his complaint, but even his new allegations fail to state a claim for relief. It's clear that further amendment would be futile, so I will dismiss the case with prejudice.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice.
2. The clerk of court is directed to enter judgment and close the case.

Entered November 17, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge